UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | 1:13-cr-00132-JAW |
| | ) | |
| WAYNE E. BOULIER, JR. | ) | |
| | ) | |
| | ) | |

**ORDER DENYING DEFENDANT'S MOTION TO ATTEND SERVICE**

Incarcerated while awaiting sentencing, Wayne E. Boulier, Jr. moves for a temporary release from prison and transport to attend the graveside service of his recently deceased father. Although the Court regrets that Mr. Boulier's father has passed away and is sympathetic with his desire to attend his father's funeral, Mr. Boulier has failed to meet the standard for release, as is required pursuant to 18 U.S.C. § 3145(c). Therefore, the Court denies Mr. Boulier's motion.

**I.    BACKGROUND**

On February 24, 2014, Wayne E. Boulier, Jr. pleaded guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). *Minute Entry* (ECF No. 41). The penalty for violation of 18 U.S.C. § 922(g)(1) includes a possible maximum imprisonment term of ten years, 18 U.S.C. § 924(a)(2), and therefore, Mr. Boulier was subject to the mandatory detention provision of 18 U.S.C. § 3143(a), and the Court ordered him detained pending the imposition of sentence. *Minute Entry* (ECF No. 41). On October 3, 2014, the Court held a presentence conference, *Minute*

*Entry* (ECF No. 55), and the sentencing hearing is scheduled for November 21, 2014. *Notice of Hearing* (ECF No. 56).

Also on October 3, 2014, following the presentence conference, Mr. Boulier moved for temporary release "to attend the graveside service of his recently deceased father, which is set for October 10, 2014 at 3:00 p.m. at Riverside Cemetery in Fort Fairfield, Maine." *Mot. to Attend Serv.* at 1 (ECF No. 54). He also moved for transport by the United States Marshal's Service from Somerset County Jail to Fort Fairfield. *Id.*

On October 6, 2014, the Government responded. *Gov't's Resp. to Def.'s Mot. to Attend Service* (ECF No. 57). In its response, the Government notes that it spoke with the Marshal's Office, and the Marshal's Office explained it "has a policy against transporting prisoners to scheduled events such as funerals. That policy is based on manpower and security reasons." *Id.* at 1. Based on the policy of the Marshal's Office, the Government objects to Mr. Boulier's proposed transportation method. *Id.* The Government suggests, however, that it would not object to Mr. Boulier being released on temporary bail. *See id.* at 1-2.

On October 7, 2014, the Court held a hearing on Mr. Boulier's motion, and directed defense counsel to submit a memorandum explaining the application of the standard for release under 18 U.S.C. § 3145(c), as well as to provide the name of a specific person(s) who could properly transport Mr. Boulier to and from his father's funeral service. *Minute Entry* (ECF No. 59). On October 9, 2014, Mr. Boulier filed his memorandum. *Mem. on Mot. for Temp. Release* (ECF No. 60).

In his memorandum, Mr. Boulier explains that his counsel spoke with the programs officer at the Somerset County Jail, who advised that one Gary Roy, who served as a corrections officer for one year, could transport Mr. Boulier "from the jail to the graveside service and back to the jail on the same day." *Id.* at 1-2. Defense counsel then spoke with one Shawn McGuire, another programs officer at the Somerset County Jail, who confirmed that he spoke with Mr. Roy, and "Mr. Roy has been advised that if even for a single moment he loses sight of [Mr. Boulier], he is to call 911." *Id.* at 2. Defense counsel then communicated directly with Mr. Roy, and Mr. Roy has agreed to serve as custodian with "certain instructions that should ensure that [Mr. Boulier] remain within his sight while he attends the graveside service." *Id.* Mr. Boulier has been made aware by his counsel of the seriousness of attending his father's funeral service, and the absolute obligation that he is to comply with the requirements of release as ordered by the Court. *Id.*

Also on October 9, 2014, the Government filed its objection. *Gov't's Objection to Def.'s Mot. to Attend Service* (ECF No. 61). The Government argues that Mr. Roy "has some corrections experience but apparently no additional law enforcement training or experience," and therefore, according to the Government, Mr. Roy is not qualified to transport Mr. Boulier to and from the funeral service. *Id.* at 2. The Government further contends that Mr. Boulier has not proven that he is not a risk of flight or danger to the community. *Id.* In addition, the Government states that the Probation Office "has expressed its strong objection to a release of the defendant." *Id.* at 1.

3

## II. DISCUSSION

Under 18 U.S.C. § 3145(c),

> [a] person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

"[A] district court [may] order release [under 18 U.S.C. § 3145(c)], even in an otherwise mandatory detention case, so long as the defendant meets the statutory requirements." *United States v. Kenney*, No. CR-07-66-B-W, 2009 U.S. Dist. LEXIS 121233, at *3-4 (D. Me. Dec. 30, 2009) (citing numerous cases from other circuits).

To qualify for release, a defendant must first meet the "conditions of release set forth in section 3143(a)(1) or (b)(1)." 18 U.S.C. § 3145(c). Under either provision of § 3143, a defendant will remain detained "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. § 3143(a)(1), (b)(1). Second, a defendant must also clearly show "exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c).

The Court has previously ordered the temporary release of a defendant to attend the wake and funeral of her grandmother. *Kenney*, 2009 U.S. Dist. LEXIS 121233, at *2, 9. In *Kenney*, the Court found that the defendant satisfied the conditions of release requirement because (1) she "generally complied with the conditions of release" while on bail; (2) she complied "with the more restrictive conditions of release" that were subsequently imposed; and (3) she appeared in this

4

Court to plead guilty to two federal crimes "knowing that she would likely be detained at that time." *Id.* at *5. The Court also found that Ms. Kenney met the "exceptional reasons" requirement, noting the following factors:

> that the wake and funeral are for the Defendant's grandmother, not a more remote relative or friend; (2) that the Defendant is requesting two discrete releases of a handful of hours each, enough time to attend visiting hours the evening before the funeral and the funeral itself the next day; (3) that the Defendant does not propose to remain out of prison overnight; (4) that her mother and brother have offered to act as her custodian during the period of release; (5) that the wake and funeral will take place within a relatively short distance from the jail in which Ms. Kenney has been incarcerated; (6) that it will not be necessary to cross or be near state or national lines to attend the funeral services; (7) that the Defendant voluntarily admitted her guilt; (8) that the crimes for which she now stands convicted do not militate against her temporary release; (9) that Ms. Kenney's criminal history does not contain any convictions for crimes of violence or escape, and (10) that there has been no suggestion that the Defendant has failed to comply with prison rules and regulations during her period of incarceration.

*Id.* at *7-8.

Applying these factors, Mr. Boulier's case is much different than Ms. Kenney's. Mr. Boulier has an extensive criminal record, including multiple assaults in 1999, 2001, and 2004; escape in 2002, failure to appear in 2000, twice in 2004, 2006, and 2011; and violating conditions of release in 2000, 2005, 2008, and three times in 2012. *Presentence Investigation Report* (PSR) at 6-16. The Probation Office recommends that he be found a criminal history category VI. *Id.* at 16.

In addition, Mr. Boulier has a state charge pending against him for Trafficking in Alcoholic Beverages in Correctional Facility that was alleged to have taken place in June 2014, after he pleaded guilty for the pending federal charge. *Id.* ¶ 10.

The funeral is scheduled to take place approximately four hours from Somerset County Jail, where Mr. Boulier is currently being held. The funeral is scheduled for 3:00 p.m., which means that Mr. Boulier would not be able to return to Somerset County Jail until late in the evening. Furthermore, the funeral is scheduled to take place in the town of Fort Fairfield, Maine, which abuts Canada and if Mr. Boulier fled across the national border, the Government would have to find him in Canada and extradite him to Maine.

Mr. Boulier's sentencing hearing has been scheduled for November 21, 2014 and the Probation Office has calculated his guideline sentence range to equal 140 to 175 months, a range that is capped at the 120 month statutory maximum. PSR ¶ 75.

Counsel indicated at the Presentence Conference on October 3, 2014 that there are evidentiary issues that must be resolved involving the circumstances of his firearms possession on April 6, 2013 in Presque Isle, Maine. Presque Isle is near Fort Fairfield, and therefore, it is prudent to avoid placing Mr. Boulier and the witnesses in the position of being physically near each other as the sentencing date approaches.

The Court appreciates Mr. Boulier's effort to obtain a responsible person to accompany him to Fort Fairfield and back on October 10, 2014. However, the Court does not consider Mr. Roy's promise to another corrections officer not to lose sight of Mr. Boulier and to call 911 if he did to be sufficient to outweigh the other strong factors that militate against release.

Again, the Court regrets having to reject Mr. Boulier's request but he has not established that he meets the statutory standards for release.

## III. CONCLUSION

The Court DENIES Mr. Boulier's Motion to Attend Service (ECF No. 54).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 9th day of October, 2014