UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| WAYNE BOULIER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) 1:13-cr-00132-JAW |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent | ) |

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

Petitioner moves pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. (Motion, ECF No. 181.) Following a guilty plea, Petitioner was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2); the Court sentenced Petitioner to sixty months in prison. (Amended Judgment, ECF No. 123.) The First Circuit affirmed. *United States v. Boulier*, No. 15-1120, Corrected Judgment, (1st Cir. 2015); *see* ECF No. 116.

Petitioner claims a recent Supreme Court decision, *Rehaif v. United States*, 139 S. Ct. 2191 (2019), invalidates his guilty plea; Petitioner argues the Court lacked jurisdiction to convict him. (Motion at 5–19.) The Government contends that the motion should be dismissed because it represents a second or successive habeas petition and because Petitioner's arguments are procedurally barred. (Response, ECF No. 185.)

Following a review of the record and after consideration of Petitioner's motion and the Government's request for dismissal, I recommend the Court grant the Government's request and dismiss the motion.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In July 2013, Petitioner was indicted on one count of possessing a firearm in violation of 18 U.S.C. § 922(g)(1); Petitioner pled guilty in February 2014.  (Indictment, ECF No. 1; Change of Plea Hearing, ECF No. 41.)  The Court sentenced Petitioner to sixty months in prison.  (Amended Judgment, ECF No. 123).  The First Circuit affirmed the sentence.  *United States v. Boulier*, No. 15-1120, Corrected Judgment, (1st Cir. Dec. 30, 2015); *see* ECF No. 116.

In June 2016, Petitioner moved, pursuant to 28 U.S.C. § 2255, to vacate his sentence, citing *Johnson v. United States*, 135 S. Ct. 2551 (2015). (Motion, ECF No. 125.) *Johnson* invalidated the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), which provides for enhanced minimum and maximum penalties for individuals who possess a firearm after three prior convictions for violent felonies or serious drug offenses.  *Id.* at 2555–56, 2563.

The Government requested a stay of the motion until after the conclusion of another relevant case that was then pending before the Supreme Court, *Beckles v. United States* No. 15-8544.  (Motion to Stay, ECF No. 129.)  The Government noted that *Johnson* did not undermine Petitioner's sentence directly because his statutory sentencing range was determined by § 924(a), not § 924(e), but Petitioner's guideline sentencing range was impacted by U.S.S.G. § 2K2.1(a)(2), an analogous guideline provision utilizing identical language to the ACCA.  (*Id.*)  The Court appointed counsel for Petitioner, (ECF No. 131), and because *Beckles* presented the same question concerning the validity of the guideline

2

residual clause, the Court stayed consideration of the § 2255 motion. (Order on Motion to Stay, ECF No. 130.)

In March 2017, the Supreme Court decided *Beckles v. United States*, 137 S. Ct. 886 (2017). The Supreme Court held that because the Sentencing Guidelines are advisory and only guide the district courts' discretion, the Sentencing Guidelines are not subject to vagueness challenges. *Id.* at 892. In May 2017, the Court conferred with the parties and directed Petitioner's counsel to notify the Court whether Petitioner intended to proceed with the § 2255 motion. (Telephone Conference, ECF No. 133.) In June 2017, Petitioner withdrew the § 2255 motion. (Notice of Withdrawal, ECF No. 134.)

Petitioner was released from prison, but his supervised release was revoked and extended. (Revocation Judgment, ECF No. 153; Revocation Judgment, ECF No. 177.) In October 2019, Petitioner filed the § 2255 motion now before the Court. (Motion, ECF No. 181.)

## DISCUSSION

In the Antiterrorism and Effective Death Penalty Act (AEDPA), "Congress established a 'gatekeeping' mechanism for the consideration of 'second or successive habeas corpus applications' in the federal courts." *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998) (quoting *Felker v. Turpin*, 518 U.S. 651, 657 (1996)). Pursuant to 28 U.S.C. § 2255(h) and § 2244(b)(3)(A), "Before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See also* First Circuit Rule 22.1. "Such authorization is available only when the second or successive petition is

3

based either on (1) newly discovered evidence that would establish innocence or (2) a new rule of constitutional law made retroactive on collateral review by the Supreme Court." *Bucci v. United States*, 809 F.3d 23, 25–26 (1st Cir. 2015). The First Circuit has "interpreted [these provisions] as 'stripping the district court of jurisdiction over a second or successive habeas petition unless and until the court of appeals has decreed that it may go forward.'" *Trenkler v. United States*, 536 F.3d 85, 96 (1st Cir. 2008) (quoting *Pratt v. United States*, 129 F.3d 54, 57 (1st Cir. 1997)).

AEDPA did not define the term "second or successive petition," which is instead "a term of art" in the context of the Supreme Court's habeas corpus case law. *Slack v. McDaniel*, 529 U.S. 473, 486 (2000). "Not every literally second or successive § 2255 petition is second or successive for purposes of AEDPA." *Sustache-Rivera v. United States*, 221 F.3d 8, 12 (1st Cir. 2000). Courts have outlined several examples of situations in which a later petition from the same individual is not second or successive for purposes of AEDPA, including: (1) when the previous petition was dismissed as premature, (2) when a state prisoner's prior petition was dismissed for failure to exhaust state remedies, (3) when the earlier petition terminated without a judgment on the merits, and (4) when the prior petition attacked a different criminal judgment. *Id.* at 12–13.

Because Petitioner voluntarily withdrew his first § 2255 motion, the Court did not enter a judgment on the merits of that motion. Under the reasoning of the First Circuit in *Sustache-Rivera*, therefore, Petitioner's motion is possibly not a second or successive petition.

Although the First Circuit has not addressed the issue, the great weight of authority holds that "if a petitioner clearly concedes upon withdrawal . . . that the petition lacks merit" or "the circumstances surrounding withdrawal clearly and objectively indicate that the petitioner knows his or her motion is meritless," then "the withdrawal is akin to a dismissal on the merits and subsequent petitions will count as successive under AEDPA." *Thai v. United States*, 391 F.3d 491, 495 (2d Cir. 2004); *see also*, *Felder v. McVicar*, 113 F.3d 696, 698 (7th Cir. 1997); *In re Moore*, 735 F. App'x 883, 887 (6th Cir. 2018); *United States v. Ramos*, 759 F. App'x 718, 721 (10th Cir. 2019). Courts have explained that AEDPA should not be interpreted to allow petitioners to avoid the bar on second or successive petitions by voluntarily withdrawing their first petition as soon as it becomes evident that the district court will likely dismiss that petition on the merits. *Thai*, 391 F.3d at 495.

The circumstances of Petitioner's withdrawal of his first § 2255 motion suggest that it was "akin to a dismissal on the merits," *see id.*, which means his present motion is subject to the gatekeeping provisions on second or successive petitions. The circumstances include: the fact that Petitioner was represented by counsel at the time, the fact that his previous petition was stayed pending the outcome of *Beckles v. United States*, 137 S. Ct. 886 (2017), and the fact that Petitioner voluntarily withdrew his first petition shortly after the Court conferred with the parties about the Supreme Court's decision in *Beckles* resolving the issue unfavorably to Petitioner's argument.

The Tenth Circuit recently considered indistinguishable circumstances and concluded that the petition was second or successive:

> First . . . [the petitioner] was represented by counsel. Second, the timing of his motion for voluntary dismissal clearly and objectively indicates that he had concluded his motion was doomed. That motion followed (1) the district court's decision to stay the proceedings pending the Supreme Court's decision in *Beckles*, which the court stated would likely be determinative of the [first] [m]otion; (2) the decision in *Beckles*, which ruled against the position [the petitioner] asserted in his [first] [m]otion; and (3) the district court's order directing the parties to file status reports indicating their position on the validity of the [second] petition in light of the holding in *Beckles* . . . ."

*United States v. Rejda*, No. 19-8015, 2019 WL 5212609, at *4 (10th Cir. Oct. 16, 2019) (internal quotation marks omitted). The Tenth Circuit's reasoning is sound and could reasonably apply to the facts of this case. In this case, the record shows that Petitioner dismissed the prior motion because the Supreme Court in *Beckles* effectively determined that Petitioner would be unable to prevail on the merits of his claim. The voluntary dismissal is thus "akin to a dismissal on the merits." *Thai*, 391 F.3d at 495. Under the Tenth Circuit's reasoning, therefore, Petitioner would require prior approval of the First Circuit to prosecute the § 2255 motion.

A review of the record reveals no evidence that Petitioner has applied to the First Circuit for permission and obtained permission to file the pending second or successive motion. Under First Circuit Rule 22.1(e), when a second or successive § 2255 petition is filed in the district court without the required authorization from the First Circuit, the district court "will transfer the petition to the court of appeals pursuant to 28 U.S.C. § 1631 or dismiss the petition."

6

The legal uncertainty concerning a petitioner's ability to assert *Rehaif* claims in second or successive petitions might ordinarily militate in favor of transfer.[1] In this case, however, a review of the record reveals that even if Petitioner's claim is not a second or successive petition and even if *Rehaif* applies retroactively, dismissal is warranted because Petitioner's *Rehaif* claim lacks merit.

One of the statutes underlying Petitioner's conviction, 18 U.S.C. § 922(g), makes it unlawful for certain persons, including individuals with prior felony convictions, *id.* § 922(g)(1), to possess most firearms.  The provision contains three elements: (1) a status element (belonging to one of the listed categories of persons), (2) a possession element, and (3) a jurisdictional element (in or affecting commerce).  *Rehaif*, 139 S. Ct. at 2196.  Before 2019, courts interpreted the word "knowingly" in the penalty provision § 924(a)(2) to apply only to the possession element, but under *Rehaif*, "knowingly" also applies to the status element.  *Id.*  "To convict a defendant, the Government therefore must show that the

---

[1] Under *Teague v. Lane*, 489 U.S. 288 (1989), petitioners may not retroactively assert claims on collateral review based on new rules of criminal procedure, but cases like *Rehaif* may be applied retroactively on first petitions for collateral review because Supreme Court decisions narrowing the scope of federal criminal statutes establish substantive rules, as opposed to new rules of criminal procedure.  *See Bousley v. United States*, 523 U.S. 614, 620–21 (1998).  However, because the Supreme Court did not explicitly hold that *Rehaif* applies retroactively, s*ee Tyler v. Cain*, 533 U.S. 656, 663 (2001) (for purposes of gatekeeping provisions on second or successive petitions, "[w]e thus conclude that a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive"), and because cases of statutory interpretation like *Rehaif* are not based on constitutional law, it is unclear whether *Rehaif* claims can serve as the basis of a second or successive petition based on the exception in § 2255(h)(2) for "new rule[s] of constitutional law, made retroactive to cases on collateral review by the Supreme Court . . . ."  *See United States v. Reyes*, 358 F.3d 1095, 1097 (9th Cir. 2004) (new substantive rule of criminal law based on statutory interpretation from the Supreme Court was not a new rule of constitutional law for purposes of second habeas petition); *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) (*Rehaif* does not permit second or successive petition for the same reason).  However, if claims in second or successive petitions based on retroactively applicable rules of statutory interpretation are barred from review under § 2255(h), review is arguably available under § 2241 through the § 2255(e) savings clause, which is meant to avoid a conflict between the gatekeeping provisions of § 2255 and the Suspension Clause, U.S. Const. Art. I, § 9, Cl. 2.  *See In re Palacios*, 931 F.3d at 1315–17 (Rosenbaum, J., concurring).

defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." *Id.* at 2194.

Because a guilty plea is not intelligently made when the defendant did not receive "real notice of the true nature of the charges," if Petitioner could prove that he, counsel, and the court misunderstood the essential elements of a crime, his plea would likely be susceptible to a constitutional challenge. *See Bousley v. United States*, 523 U.S. 614, 618, 118 S. Ct. 1604, 1609 (1998); *MacArthur v. United States*, No. 1:12-CR-00084-JAW, 2020 WL 1670369, at *8–10 (D. Me. Apr. 3, 2020) (discussing retroactivity of *Rehaif*).

Because Petitioner did not raise the knowledge of status issue at trial or on direct appeal, that issue is procedurally defaulted on collateral review. *See Massaro v. United States*, 538 U.S. 500, 504 (2003) (citing *Frady*, 456 U.S. at 167–68; *Bousley*, 523 U.S. at 621–22). "A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law," *Martinez v. Ryan*, 566 U.S. 1, 10 (2012), or by showing that a miscarriage of justice would occur because, "in light of new evidence, it is more likely than not" that the petitioner is actually innocent of the crime. *House v. Bell*, 547 U.S. 518, 536–39 (2006) (quotation omitted).

"[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded" the ability to comply with the procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). This can occur if government interference made compliance impractical, *see id.*, or if there was constitutionally ineffective assistance of counsel, *see Coleman v. Thompson*, 501 U.S. 722, 752–53 (1991). Furthermore, if a claim "is so novel that its legal basis is not

reasonably available to counsel, a defendant has cause for [the] failure to raise the claim . . . ." *Reed v. Ross*, 468 U.S. 1, 16, 104 S. Ct. 2901 (1984).  A petitioner cannot establish a claim was "not reasonably available to counsel" just because of the perception that "a claim was unacceptable to that particular court at that particular time," *see Bousley*, 523 U.S. at 622–23, but a claim is deemed unavailable when it results from a "clear break with the past" in a new Supreme Court case:

> First, a decision of this Court may explicitly overrule one of our precedents. Second, a decision may overturn a longstanding and widespread practice to which this Court has not spoken, but which a near-unanimous body of lower court authority has expressly approved.  And, finally, a decision may disapprove a practice this Court arguably has sanctioned in prior cases.

*Ross*, 468 U.S. at 17 (citations, quotations, and modifications omitted); *see also Lassend v. United States*, 898 F.3d 115, 122 (1st Cir. 2018).

Because the Supreme Court "overturn[ed] the long-established interpretation" of § 922(g), which was "used in thousands of cases for more than 30 years," and on which the circuit courts were unanimous, *see Rehaif*, 139 S. Ct. at 2201 (Alito, J. dissenting), Petitioner's attorney had no reasonable basis to raise the knowledge-of-status issue before the district court or on appeal.  *See also MacArthur*, 2020 WL 1670369 at *9.  Cause thus exists to excuse that procedural default.

To establish prejudice from the asserted violation of federal law, a petitioner must show "a reasonable probability that, but for [the] errors, the result of the proceeding would have been different." *Lee v. United States*, 137 S. Ct. 1958, 1964 (2017) (citing *Strickland*) (internal quotation omitted). A petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a possibility of prejudice, but that they worked to his

actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Frady*, 456 U.S. at 170.  In the context of a guilty plea, to establish prejudice, the petitioner "must show that there is a reasonable probability that, but for [the] errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see also Lee*, 137 S. Ct. at 1964.[2]

The record, including the presentence investigation report, shows that Petitioner had numerous prior felony convictions over many years before the § 922(g) conviction at issue in his § 2255 motion.  As a result, the record does not support a finding that Petitioner would not have plead guilty and the record would support a guilty finding even if *Rehaif* had been decided before Petitioner entered his plea.  That is, the record establishes that the Government would have been able to prove beyond a reasonable doubt that Petitioner knew of his prohibited status at the time he possessed the firearm.  Under the circumstances, Plaintiff's argument that he would not have plead guilty based on the *Rehaif* issue is implausible. There is also no suggestion that Petitioner was prejudiced in any other way, such as at sentencing.  Accordingly, Petitioner was not prejudiced as the result of any *Rehaif* -related issue or error,[3] and thus Petitioner would not be entitled to postconviction relief even if it were his first § 2255 motion.

---

[2] *Lee* and *Hill* referred to prejudice in the context of an ineffective assistance of counsel claim, not in the context of a procedural default, but there does not appear to be a meaningful difference between the two prejudice inquiries.  *See Lynch v. Ficco*, 438 F.3d 35, 49 (1st Cir. 2006) ("if a habeas petitioner can meet the prejudice standard needed to establish ineffective assistance under *Strickland*, then the prejudice standard under the 'cause and prejudice' showing to excuse a procedural default is also met").

[3] For the same reason, Petitioner cannot show that it was more likely than not that he was actually innocent of the crime.  While a narrowed interpretation of a criminal statute can create a situation where a defendant was actually innocent of the crime as properly interpreted, *see Bousley*, 523 U.S. at 624 (remanding for

Because it is apparent that Petitioner's *Rehaif* claim lacks merit even if it were not barred by the gatekeeping provisions on second or successive petitions, dismissal is appropriate.

## CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases. In addition, I recommend that the Court dismiss Petitioner's motion for habeas relief under 28 U.S.C. § 2255. I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 21st day of April, 2020.

---

consideration of innocence in light of narrowed interpretation of statute), the record evidence forecloses any likelihood of innocence in Petitioner's case.

11